# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                      No. 00-4144

DARRELL A. SADDORIS, a/k/a Art,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-158)

Argued: February 27, 2002

Decided: July 17, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Monica Kaminski Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Darrell A. Saddoris appeals his sentence for conspiracy to distribute methamphetamine. We affirm.

I.

Saddoris was indicted for conspiracy to distribute methamphetamine, *see* 21 U.S.C.A. § 846 (West 1999), and attempted possession with the intent to distribute methamphetamine, *see* 21 U.S.C.A. § 841(a)(1) (West 1999). He pled guilty to the conspiracy charge. At sentencing, the district court found that Saddoris' offense involved 680.13 grams of a methamphetamine mixture containing approximately 108 grams of actual methamphetamine.

Although Saddoris cooperated with investigators prior to sentencing, the Government declined to move for a substantial assistance reduction. *See U.S. Sentencing Guidelines Manual* § 5K1.1 (1998). Saddoris moved for a downward departure that would account for his assistance notwithstanding the absence of a § 5K1.1 motion. The court denied the motion, stating, "I understand the discretion I have . . . to depart downward, but for substantial assistance without the Government's motion I will not do so." J.A. 23. The court then imposed a sentence of 262 months imprisonment.

II.

Saddoris challenges the refusal of the district court to depart downward. This claim affords no basis for relief. When the Government declines to move for a downward departure based on assistance in other prosecutions, the district court lacks power to depart from the guidelines on this basis, subject to exceptions not relevant here. *See United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). Thus, the

district court could not lawfully have reduced Saddoris' sentence below the guideline range in recognition of his assistance to the Government. Moreover, when a court does possess the discretion to depart downward, its refusal to do so ordinarily is not reviewable. *See United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999). Thus, regardless of whether the court here had the power to depart downward, its refusal to do so is not grounds for reversal.

### III.

In addition to the issue raised by Saddoris, we also consider whether his 262-month sentence should be vacated pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002). The parties agree that the statutory maximum applicable to Saddoris' offense was 240 months because the indictment did not specify any quantity of methamphetamine.[1] The question we must consider is whether to correct this unlawful sentence even though Saddoris has not challenged it.[2]

This court, like other courts of appeals, has suggested that it has the power to correct an error *sua sponte* if it amounts to plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994); *see also, e.g.*, *United States v. Graham*, 275 F.3d 490, 521-22 (6th Cir. 2001), *cert. denied*, 122 S. Ct. 1625 (2002). This is the same standard that applies to questions raised on appeal after being forfeited in the district court. Arguably, we should apply a more exacting standard in light of our general

---

[1]The applicable maximum penalties are set forth in the drug trafficking statute, 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2002). *See* 21 U.S.C.A. § 846 (providing that a drug trafficking conspiracy is subject to the same penalty as the offense intended by the conspiracy). Saddoris may have been eligible for a 360-month sentence based on prior criminal convictions, but the parties have not raised this possibility and it is unnecessary for us to consider it.

[2]Saddoris has in fact argued that his sentence is unlawful, but only after we requested supplemental briefs on this issue. We do not believe this transforms the claim from one raised *sua sponte* into one properly raised by the Appellant.

refusal to consider issues not raised and properly argued in the appellant's opening brief. *See, e.g.*, *McCarver v. Lee*, 221 F.3d 583, 588 n.1 (4th Cir. 2000) (declining to consider issues mentioned but not argued in briefs); *Lewis v. INS*, 194 F.3d 539, 547 n.9 (4th Cir. 1999) (declining to consider issue first raised in reply brief).

We need not decide that question, however, because we conclude that even the ordinary plain error standard would bar relief here. Saddoris has never contested that his offense involved far more than 50 grams of methamphetamine, which would render him eligible for a life sentence. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999). This uncontroverted evidence precludes us from overturning Saddoris' sentence. *See United States v. Cotton*, 122 S. Ct. 1781, 1787 (2002).

IV.

For the foregoing reasons, we affirm Saddoris' conviction and sentence.

*AFFIRMED*